IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RASHADA WEAVER                                                    PLAINTIFF

vs.                              Civil No. 6:10-cv-06068

MICHAEL J. ASTRUE                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Rashada Weaver ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

## 1. Background:

Plaintiff filed her applications on September 19, 2007.  (Tr. 8, 131-134, 137-144).  In her

applications, Plaintiff alleged she was disabled due to temporomandibular joint ("TMJ") syndrome,

anxiety, depression, and fibromyalgia.  (Tr. 151).  Plaintiff originally alleged an onset date of July 8,

2005. (Tr. 8, 131, 137).  During the administrative hearing, however, Plaintiff amended that alleged

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

onset date to April 21, 2006. (Tr. 42). These applications were denied initially and again upon reconsideration. (Tr. 81-84).

Thereafter, on May 29, 2008, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 103-124). An administrative hearing was held on November 3, 2009 in Hot Springs, Arkansas. (Tr. 28-80). Plaintiff was present and was represented by counsel, Alan Nussbaum, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed high school and had obtained a Certified Nurse's Aide ("CNA") license. (Tr. 43-44).

On January 28, 2010, the ALJ entered an unfavorable decision on Plaintiff's disability applications. (Tr. 8-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2010. (Tr. 10, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 22, 2006, her amended alleged onset date. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following severe impairments: fibromyalgia; headaches; and depressive disorder, not otherwise specified. (Tr. 10, Finding 3). The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11-12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not credible to the extent she alleged disabling limitations. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light, unskilled work as defined in 20 CFR 404.1567(b) and 416.967(b).

(Tr. 12-22, Finding 5).  The full range of light, unskilled work includes the following:

> The claimant retains the residual functional capacity to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds; standing and/or walking with normal breaks for a total of about 6 hours in an 8-hour workday; sitting for a total of about 6 hours in an 8-hour workday; and can push/pull/operate hand and foot controls.  She has no postural, manipulative, visual, or environmental limitations.  Mentally, is able to perform unskilled work, which is work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involves few variables, requires little independent judgment, and the supervision required is simple, direct, and concrete.

(Tr. 12).  *See* 20 C.F.R. §§ 404.1567(b), 416.967(b).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 22-23, Finding 6).  The VE testified at the administrative hearing regarding this issue.  (Tr. 23, 71-72).  Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a packer (light, unskilled).  *Id.* After comparing Plaintiff's RFC to the requirements of this PRW, the ALJ determined Plaintiff retained the ability to perform this PRW as it was actually performed.  *Id.*  The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from April 22, 2006 through the date of his decision or through January 28, 2010.  (Tr. 23, Finding 7).

Subsequent to the ALJ's decision, on February 18, 2010, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 128).  *See* 20 C.F.R. § 404.968.  On July 30, 2010, the Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On September 10, 2010, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on September 17, 2010.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 8-9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's unfavorable disability determination is not supported by substantial evidence in the record. ECF No. 8. Specifically, Plaintiff claims (1) the ALJ improperly disregarded the findings of her treating physicians; (2) the ALJ improperly evaluated her subjective complaints; (3) the ALJ improperly relied upon the opinion of a one-time examining physician; and (4) the ALJ improperly analyzed her limitations, including her visible hand tremor. *Id.* In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. Because this Court finds the ALJ erred by failing to fully consider Plaintiff's GAF scores from her treating physicians, this Court will only address Plaintiff's first argument for reversal.

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff was assessed as having a GAF score of 45 from December 28, 2007 through September 24, 2009 during her treatment at Community Counseling Services. (Tr. 365-371, 373-376, 377-379, 380-382, 383-386, 387-389, 391-394, 473-476, 477-479). The ALJ

referenced, and discounted, these low GAF scores in his opinion.  (Tr. 8-23).  The ALJ's primary

reasons for discounting these scores was that they did not fluctuate as GAF scores normally should,

and they were not supported by the findings of the consultative physician, Dr. Paul Deyoub, Ph.D.,

P.A.  (Tr. 10-23).  This Court will review both the ALJ's reasons for discounting these scores.  First,

the ALJ found these GAF scores did not fluctuate.  (Tr. 8-23).  Based upon this Court's review, it

appears that the ALJ was correct in finding Plaintiff's GAF scores from her treating physicians at

Community Counseling Services did not fluctuate over time, and they remained consistently at 45.

However, the fact these GAF scores did not fluctuate does not, standing alone, provide a reason for

discounting them.

Second, the ALJ found these scores were inconsistent with the findings of Dr. Deyoub, a

consulting physician. (Tr. 21).  Specifically, Dr. Deyoub found Plaintiff's GAF score to be 60, which

he found to be only indicative of "moderate" symptoms.  (Tr. 21, 457-462).  The ALJ relied heavily

upon Dr. Deyoub's assessment of Plaintiff's mental impairments, including the GAF score he found.

When Dr. Deyoub performed this evaluation, however, he did not have the benefit of

Plaintiff's treatment records from Community Counseling Services wherein Plaintiff was repeatedly

assessed as having a GAF of 45.[2]  (Tr. 457-462).  The fact Dr. Deyoub did not have this records was

raised by Plaintiff's attorney during the administrative hearing in this matter.  (Tr. 35-38).  During

the administrative hearing, the ALJ also agreed that the information would be beneficial to a

consulting physician.[3]  *Id.*

---

[2] The only "Collateral Information Reviewed" was the following: "some physician notes from Clinical Physicians Group in Sheridan."  (Tr. 457).

[3] It appears this information would be especially beneficial considering the fact Plaintiff had received consistent treatment from Community Counseling Services, and Plaintiff had been repeatedly assessed as having a GAF score of 45.  These records also provide a longitudinal view of Plaintiff's allegedly disabling impairments.

Thus, because Dr. Deyoub provided his opinion without the benefit of a full record, this Court finds the ALJ improperly relied upon his opinion, and the ALJ did not provide sufficient reasons for discounting these low GAF scores.  This case must be reversed and remanded so that a second consultative evaluation may be ordered to assess Plaintiff's mental limitations, including GAF score, with the benefit of Plaintiff's treatment records from Community Counseling Services.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE